UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AJ MILLER,　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　vs.　　　　　　　　　　　　　　　　）　　　　1:10-cv-1665-JMS-TAB
　　　　　　　　　　　　　　　　　　　）
ELI LILLY & COMPANY,　　　　　　　　）
　　　　　Defendant.　　　　　　　　　）

**ORDER ON PLAINTIFF'S MOTION TO SEAL**

While a popular phrase proclaims, "What happens in Vegas, stays in Vegas," courts are not like Las Vegas. What transpires in court typically occurs in the public eye for all to see.

In the Seventh Circuit, it is well-established that "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *see also Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009) (explaining that good cause must be shown to shield documents from the public). Nevertheless, Plaintiff has filed a motion asking the Court to seal its response to summary judgment and numerous exhibits. [Docket No. 57.] Plaintiff's motion to seal is denied.

There is plenty of information in the response brief and exhibits that is not worthy of being sealed, such as an index of exhibits, generic objections to interrogatories, employee opinions about management, and information revealing employees' pay grades. *See United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009) (addressing problems related to a motion to have documents filed under seal, and holding that an affidavit could not be maintained under seal simply because it might cause potential embarrassment and affect counsel's professional reputation by disclosing personal matters). Plaintiff simply calls documents confidential, but has

not explained or identified specific information that warrants sealing them. *See Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (denying a renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No: 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *1 (S.D. Ind. Jan. 16, 2007) (noting defendants' motion to seal put the Court "in the all-too-familiar position of reviewing overbroad and unsupported requests to file documents under seal.").

Perhaps there is confidential information contained somewhere in the 411 pages that constitute Plaintiff's response and exhibits, but the Court will not scour the record in search of Plaintiff's confidential information. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Based on the presumption that documents should not be filed under seal and Plaintiff's failure to articulate a reason that over 400 pages should be filed under seal, Plaintiff's motion to seal [Docket No. 57] is denied.

Dated: 04/26/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP - Indianapolis
ellen.boshkoff@faegrebd.com

Johane J. Domersant
BAKER & DANIELS, LLP
johane.domersant@bakerd.com

Benjamin C. Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Sharon Yvette Eubanks
SANFORD WITTELS & HEISLER LLP
seubanks@swhlegal.com

Jamenda A. McCoy
FAEGRE BAKER DANIELS LLP - Chicago
jamenda.mccoy@faegrebd.com

Matthew Louis Schmid
SANFORD WITTELS & HEISLER, LLP
mschmid@swhlegal.com

Kristen L. Walsh
SANFORD WITTELS & HEISLER, LLP
kwalsh@swhlegal.com